1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAMAR SANTISTEBAN CORTINA, on behalf of herself, all others similarly situated, and the general public, | Case No. 13-cv-2054 BAS (DHB) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| WAL-MART, INC., | |
| Defendant. | |

On September 3, 2013, Plaintiff Thamar Cortina commenced this class action arising out of Defendant Wal-Mart, Inc.'s advertising and sales of a coenzyme $Q_{10}$-based supplement under its "Equate" brand. Plaintiff alleged that Defendant (1) violated the Magnuson-Moss Warranty Act ("MMWA", 15 USC §§ 2301(4)–(5)); (2) violated the Arkansas Deceptive Trade Practices Act ("ADTPA", Ark. Code Ann. §§ 4-88-107(a)(1)–(3), (10)); (3) violated the California Unfair Competition Law ("UCL", Cal. Bus. & Prof. Code §§ 17200, *et seq.*); (4) violated

the California False Advertising Law ("FAL", Cal. Bus. & Prof. Code §§ 17500, *et seq.*); (5) violated the California Consumers Legal Remedies Act ("LRA", Cal. Civ. Code §§ 17200, *et seq.*); (6) breached its Uniform Commercial Code ("UCC") express warranty; (7) breached its UCC implied warranty of merchantability; and (8) breached its implied warranty of fitness under California Commercial Code § 2315.

Defendant now moves to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

## I.    BACKGROUND

Plaintiff alleges in the Complaint that she has used coenzyme $Q_{10}$ supplements since 1998 and "on several occasions" purchased Equate Co Q-10 at a Wal-Mart in Chula Vista, California. Compl. ¶¶ 14–15. Plaintiff alleges she "relied on Wal-Mart's representations," including that their formulation is "'clinical strength,' 'high absorption,'[ ]'3 times better absorption' than competing products, [...]comparable to more expensive products like Qunol Ultra CoQ-10, and that it generally supported heart health." Compl. ¶ 17.

Plaintiff contends that the U.S. Pharmacopeial Convention ("USP") sets "standards for dietary supplements that are enforceable by the Food and Drug Administration." Compl. ¶ 18. However, USP testing is voluntary, and Defendant has not submitted Equate CoQ-10 for USP verification. Compl. ¶¶ 29–30. Plaintiff incorporates the COQ10 Monograph as Exhibit 2 into the Complaint, which requires that "ubidecarenone capsules, like the Equate CoQ10 soft gels, must 'contain NLT [No Less Than] 90% and NMT [No More Than] 115% of the

labeled amount of' CoQ10," and "'must meet the requirements for the test for *Dissolution*,' including '**Tolerances:** NLT 75% of the labeled amount of ubidecarenone . . . is dissolved.'" Compl. ¶¶ 24–28. Plaintiff alleges that "Equate is labeled to contain 100mg of CoQ10. Accordingly, pursuant to the CoQ10 Monograph, Equate must contain at least 90mg of CoQ10, and must exhibit at least 75% dissolution." Compl. ¶ 31.

A laboratory, Covance, tested two lots of Equate CoQ-10, with the Certificate of Analysis incorporated as Exhibits 4 and 5. Compl. ¶ 32. Convance purported to use "applicable testing standards" and six samples from each lot to find that Lot 1 averaged 55.32 mg and 41.18% dissolution, while Lot 2 averaged 55.53 mg and 41.3% dissolution. Compl. ¶¶ 35–36. Plaintiff contends that Equate CoQ-10 therefore "fails to provide the full benefit of the product advertised. Equate's 41.3% dissolution level is just 55% [of] the 75% dissolution level required." Compl. ¶ 37. Plaintiff further claims that for Equate CoQ-10's "3 times better absorption" claim to be valid, "competing products must provide just 13.8% absorption (41.3% ÷ 3)." Compl. ¶ 38.

The Complaint bases its false and misleading advertising causes of action on the position that Wal-Mart's claims that Equate CoQ-10 "provides 'clinical strength,' high absorption,' and '3 times better absorption' than competitors is false and misleading because the product does not provide sufficient CoQ10, nor dissolve sufficiently to provide adequate absorption, much less '3 times' that of its competitors." Compl. ¶ 39. Additionally, Defendant's representations that Equate CoQ-10 "generally supports heart health and is beneficial to statin users, while perhaps literally true, is also misleading inasmuch as the product supports heart health to a lesser degree, and provides less benefit to statin users, than advertised, or than consumers would reasonably expect." Compl. ¶ 40. Lastly, Plaintiff alleges Defendant's claim that "Equate [CoQ-10] is comparable to Qunol Ultra CoQ-10 is also false and misleading because there is no evidence that the products

1    are equivalent in ingredients, quality, or dissolution." Compl. ¶ 41.

2          Plaintiff also alleges that Wal-Mart "deceptively omitted information that

3    would have been material to consumers' purchasing decisions, e.g., that Equate

4    [CoQ-10] does not adequately dissolve" and "does not provide any citation for its

5    '3 times [absorption]' claim, providing consumers with no means of determining

6    the claim's legitimacy." Compl. ¶¶ 42–43.

7          Without these "false and misleading representations," Plaintiff alleges she

8    would not have purchased Equate Co Q-10. Compl. ¶ 45. Thus, Plaintiff claims a

9    loss in the "amount of her Equate purchases." Compl. ¶ 46. Therefore, Plaintiff

10   alleges eleven causes of action against Defendant, including California statutory,

11   federal statutory, Arkansas statutory, and Commercial Code claims. Defendants

12   now move to dismiss the Complaint under Rules 8, 9(b), and 12(b)(6). Plaintiff

13   opposes.

14

15   **II.    LEGAL STANDARD**

16

17         A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

18   Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed.

19   R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The

20   court must accept all factual allegations pleaded in the complaint as true and must

21   construe them and draw all reasonable inferences from them in favor of the

22   nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.

23   1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed

24   factual allegations, rather, it must plead "enough facts to state a claim to relief that

25   is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A

26   claim has "facial plausibility when the plaintiff pleads factual content that allows

27   the court to draw the reasonable inference that the defendant is liable for the

28   misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original).  A court need not accept "legal conclusions" as true.  *Iqbal*, 556 U.S. at 678.  Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered.  *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds).  Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions.  *Id.*  It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib.*

1  *Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

2

3  **III.    DISCUSSION**[1]

4

5      **A.    Choice of Law**

6          Federal courts apply the choice of law doctrine of the state in which they sit.

7  *Klaxon v. StentorElec. Mfg. Co.*, 313 U .S. 487, 496 (1941).  California's choice of

8  law provisions thus apply.  California courts apply an interest test to determine

9  which law should apply, focusing on who the conflicting laws were designed to

10 protect and which state's interests would be more impaired if not applied.[2]

11 *Hurtado v. Superior Court*, (1974) 11 Cal.3d 574, 580.

12         The court in *Ford Motor Co. Ignition Switch Products Liab. Litig., In re*,

13 174 F.R.D. 332, 348 (D.N.J. 1997)  applied New Jersey's similar interest test to

14 determine that injuries caused by Ford Motor Company, headquartered in

15 Michigan, did not override each state's independent interest in protecting its

16 customers from in-state injuries.  Thus, the court "appl[ied] the  law of each of the

17 states from which plaintiffs hail."  *Id.* at 348.  Here, Plaintiff's injuries occurred in

18 California, and California's interest in protecting customers in this state outweighs

19 Arkansas' interests.  Accordingly, this Plaintiff's second claim for relief under the

20 Arkansas Deceptive Trade Practices Act is **DISMISSED** without prejudice.

21

22 _____

[1] Both parties submit exhibits with their respective briefs.  However, in evaluating a Rule 12(b)(6)
23 motion, review is ordinarily limited to the contents of the complaint and material properly
submitted with the complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir.
24 1994); *Hal Roach Studios*, 896 F.2d at 1555 n.19.  The Court may also take judicial notice of
certain items under Federal Rule of Evidence 201 without converting the motion to dismiss into
25 one for summary judgment.  *Barron*, 13 F.3d at 1377.  Both parties fail to show that their
respective exhibits are properly before this Court for the purposes of Defendants' motion to
26 dismiss.  Therefore, the exhibits will not be considered to assess the merits of the arguments.
[2] California choice-of-law also requires that the laws in question are materially different.  *See*
27 *generally Washington Mutual Bank, FA v. Superior Court* (2001) 24 Cal. 4th 906.  Without a
separately-noticed motion on choice of law, the Court will preliminarily assume that the laws in
28 question are conflicting and that both California and Arkansas have legitimate state interests.

1

2      **B.      Federal Rules of Civil Procedure 8 and 9(b)**

3          Defendant argues that Plaintiff fails to meet the Rule 8 standard for

4      pleadings because tests for dissolution and disintegration do not test absorption,

5      and therefore Plaintiff cannot use them to state a plausible theory of recovery.

6      Def.'s Mot. 3:28–4:8. Further, Defendant argues Plaintiff fails to meet her Rule

7      9(b) requirements because her complaint lacks particularity on the elements of

8      fraud and makes "absolutely no allegations of injury," a *prima facie* element of

9      fraud. *Id.* at 5:3–9.

10         Plaintiff counters these challenges by referencing the required elements in

11     her Complaint, including attached images of the challenged packaging.  Compl. ¶

12     2.  Plaintiff claims her Complaint includes "'what is false or misleading about' the

13     challenged claims, including 'why they are false.'"   Pl.'s Opp'n 7:16–8:12

14     (internal quotations omitted).  Plaintiff alleges she was injured when she purchased

15     Equate CoQ-10 relying on the packaging's representations because she otherwise

16     would not have purchased this brand of product.[3]

17         When a claim is "grounded in fraud and its allegations fail to satisfy the

18     heightened pleading requirements of Rule 9(b), a district court may dismiss the . . .

19     claim."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  To

20     satisfy the particularity requirement of Rule 9(b), "[a]verments of fraud must be

21     accompanied by 'the who, what, when, where, and how' of the misconduct

22     charged."  *Vess*, 317 F.3d at 1106 (9th Cir.2003) (quoting *Cooper v. Pickett*, 137

23     F.3d 616, 627 (9th Cir. 1997)).  Plaintiffs must plead enough facts to give

24     defendants notice of the time, place, and nature of the alleged fraud together with

25

26     _____

       [3] Defendant argues that "it is not possible for [Plaintiff] to allege that she has suffered any injury

27     due to the Equate CoQ[-]10 label."  Def.'s Mot. 14:4–5.  However, this is incorrect.  These
       allegations, presumed to be true for purposes of a motion to dismiss, provide this Court Article

28     III standing because they constitute an injury in fact and create a case or controversy.  U.S.
       Const. art. III, § 2; *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103 (1998).

an explanation of the statement and why it was false or misleading.  *See id.* at 1107.  Averments of fraud must be pled with sufficient particularity so as to give the defendants notice of the circumstances surrounding an allegedly fraudulent statement.  *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (superceded by statute on other grounds as stated in *Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001)). The circumstances constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess*, 317 F.3d at 1106 (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation marks omitted).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

In this case, although Plaintiff identifies the specific challenged label in her Complaint, including attaching images, and although she alleges a monetary loss in purchasing the product, her assertion that Defendant's representations are false or misleading is not supported by the facts in the Complaint.  While Defendant invites comparison between Equate CoQ-10 and Qunol Ultra CoQ-10, Plaintiff provides no concrete comparison between products.  Plaintiff cannot, as attempted in the Complaint, force Defendant to comply with USP standards or suggest that Defendant's comparative claims somehow subject it to the CoQ10 Monograph.  If there is some relationship between Qunol Ultra CoQ-10 and the USP standards, it is not presented in the four corners of the Complaint.

Similarly, there are no facts alleged supporting the reasonableness of consumer expectations regarding the claimed benefits of the supplement, as pled in paragraph 40 of the Complaint.  Nothing in the Complaint or supporting exhibits alleges what consumers reasonably expect when presented with the challenged claims.  It is conclusory to state simply that consumers reasonably expect a certain degree of benefit, and that Equate CoQ-10 fails to meet these expectations without

some support for that inference, as required under *Iqbal* and *Twombly*. Therefore these conclusions as currently formulated fail to meet the pleading standard.

Finally, Plaintiff's contention that for Equate CoQ-10's labelling of "3 times better absorption" to be valid, "competing products must provide just 13.8% absorption" undermines, rather than supports their causes of action. Compl. ¶ 38. Plaintiff fails to allege any evidence showing that competing products provide better than 13.8% absorption, even if her statement that absorption and dissolution are directly comparable is accepted as accurate. Thus, reliance on this calculation fails to support a cause of action without alleging additional facts.

Accordingly, Plaintiff's Complaint fails to give notice of the nature of the fraud or how it misleads, and as such fails to meet the pleading standards of Rule 9(b). Therefore, the second,[4] third, fourth, and fifth claims are **DISMISSED** because they fail to meet Plaintiff's heightened pleading duty under Rule 9(b), with leave to amend.

Plaintiff claims in its causes of action six through eleven that Defendant breached express and implied warranties under the California and Uniform Commercial Codes. California's Unfair Competition Law prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." *Dollar Tree Stores, Inc. v. Toyama Partners, LLC*, 2010 WL 1688583, at *6, *quoting Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (citations omitted). In other words, "where a plaintiff cannot state a claim under the 'borrowed' law, it cannot state a UCL claim either." *Tuck Beckstoffer Wines LLC v. Ultimate Distributors, Inc.*,

---

[4] Plaintiff's claim under the ADTPA is also dismissed for choice of law grounds, *see supra*.

682 F. Supp. 2d 1003, 1019–1020 (N.D. Cal. 2010).  In this case, Plaintiff fails to allege the minimum standards of merchantability or fitness Defendant's product fails to meet.  UCC §§ 2-314–315.

Plaintiff asserts Defendant's product "does not provide the minimum amount of CoQ10 required and fails to adequately dissolve" and is "defective."  Compl. ¶¶ 117, 100.   To meet the pleading standard, Plaintiff must allege facts establishing a minimum standard for supplements.   Other than voluntary USP standards, no minimum levels are established in the Complaint.  Without specifically alleging a standard, the claims are too vague to support either implied or express warranties under the Commercial Code.  Accordingly, the sixth though eleventh claims are **DISMISSED**.

### C.    Magnuson-Moss Warranty Act

The Magnuson-Moss Warranty Act ("MMWA"), on its plain terms, defines a warranty as "any written affirmation of fact […] that] promises that such material is defect free or will meet a specified level of performance over a specified period of time." 15 U.S.C. 2301(6)(a).  Plaintiff claims that "clinical strength," "high absorption," and "3 times better absorption" are specific and verifiably false claims such that they create an express warranty under the MMWA.  However, without some benchmark, these claims of relative strength and efficacy are so ambiguous as to be meaningless.  Unless Plaintiff can establish some yardstick on which these statements could plausibly be verifiably false, such as the invited comparison between Equate CoQ-10 and Qunol Ultra CoQ-10, the provisions are unenforceable under the MMWA.  Accordingly, this Court **DISMISSES** the first claim.

### IV.    CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Defendants' motion to

dismiss.  Doc. 15.  The Complaint is **DISMISSED** without prejudice.  Plaintiff is given leave to amend and **ORDERED** to file an amended complaint within **21 days**.

**IT IS SO ORDERED.**

**DATED:  June 23, 2014**

Hon. Cynthia Bashant
United States District Judge