**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

THAMAR SANTISTEBAN CORTINA, on behalf of herself, all others similarly situated, and the general public,

Plaintiff,

v.

WAL-MART, INC.,

Defendant.

Case No. 13-cv-2054 BAS (DHB)

**ORDER:**

**(1) GRANTING IN PART AND DEYING IN PART DEFENDANT'S MOTION TO DISMISS; AND**
**(2) TERMINATING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE**

[ECFs 32, 33]

This class action lawsuit against Defendant Wal-Mart, Inc. began on September 3, 2013. ECF 1. Plaintiff Thamar Cortina alleged that Defendant's coenzyme $Q_{10}$ supplement, sold under its "Equate" brand, was deceptively advertised under various common law and statutory provisions. Defendant moved to dismiss, and the Court granted that motion without prejudice. ECF 26.

In response, Plaintiff filed a First Amended Complaint ("FAC"). ECF 29. Defendant moved to dismiss the First Amended Complaint. ECF 32.

The Court finds the motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS IN PART** Defendant's motion to dismiss (ECF 32).

## I. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged."

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. DISCUSSION

### A. Standing

For a suit to proceed in Federal courts, the parties must establish U.S. Constitutional standing. U.S. Const. art. III, § 2. In its motion to dismiss, Defendant challenges Plaintiff's standing because Plaintiff could not allege an injury without alleging she consumed the Equate supplement that she bought in reliance on the claims made on its packaging. However, the sale itself caused an economic injury-in-fact, and therefore this Court has standing to adjudicate the controversy. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103 (1998). Accordingly, the Court **DENIES IN PART** the motions to dismiss insofar as it is based on a challenge to Plaintiff's standing.

**B. Choice of Law**

In the previous Order granting Defendant's motion to dismiss, this Court found "California's interest in protecting customers in this state outweighs Arkansas' interests." Order Granting Mot. to Dismiss 6, ECF 26 ("Order"). Therefore this Court dismissed Plaintiff's claim for relief under the Arkansas Deceptive Trade Practices Act ("ADTPA"). *Id.* Undaunted, Plaintiff realleges a claim under the ADTPA in her FAC.

Federal courts apply the choice of law doctrine of the state in which they sit. *Klaxon v. StentorElec. Mfg. Co.*, 313 U .S. 487, 496 (1941). California's choice of law provisions thus apply. California courts apply an interest test to determine which law should apply, focusing on who the conflicting laws were designed to protect and which state's interests would be more impaired if not applied. *Hurtado v. Superior Court*, (1974) 11 Cal.3d 574, 580. If the laws in question do not conflict, "[t]here is obviously no problem[.]" *Id.*

The court in *Ford Motor Co. Ignition Switch Products Liab. Litig., In re*, 174 F.R.D. 332, 348 (D.N.J. 1997) applied New Jersey's similar interest test to determine that injuries caused by Ford Motor Company, headquartered in Michigan, did not override each state's independent interest in protecting its customers from injurious purchases within the state. Thus, the court "appl[ied] the law of each of the states from which plaintiffs hail." *Id.* at 348.

Additionally, Arkansas has disclaimed any superior interest "in policing the kinds of disclosures and representations made by persons conducting consumer transactions in their states." *Tyler v. Alltel Corp.*, 265 F.R.D. 415, 427 (E.D. Ark. 2010). As a result, the state in which the consumer transaction took place will have a superior interest compared to Arkansas.

Now, Plaintiff again seeks to assert a claim under the ADTPA on behalf of a nationwide class. However, Plaintiff's injuries occurred in California, and California's interest in protecting customers in this state outweighs Arkansas'

interests. Similarly, all other states have a superior interest in asserting their laws to protect transactions taking place in their state, whether or not their law conflicts with Arkansas'. At this point, Plaintiff cannot possibly allege any facts consistent with the First Amended Complaint that could give rise to a cause of action under Arkansas law for plaintiffs who did not purchase Equate in Arkansas.

The Court **GRANTS IN PART** the motion to dismiss insofar as it is seeks to dismiss the ADTPA claim. Accordingly, the Court **DISMISSES** this Plaintiff's second claim for relief under the ADTPA without leave to amend to assert it on behalf of a nationwide class.

### C. California Legal Remedies Act

Plaintiff asserts that Defendant violated the California Legal Remedies Act ("CLRA"). Cal. Civ. Code §§ 1750 *et seq.* California Civil Code § 1782(a) requires suits for damages under the CLRA to provide notice at least thirty days in advance. However, this notice provision only applies to "the commencement of an action for damages[.]" *Id.*

Here, Plaintiff sent a notice letter on August 23, 2013. FAC ¶ 134. Plaintiff did not bring a suit for damages until the First Amended Complaint, filed on July 28, 2014. More than thirty days passed between notice and the commencement of the damages suit. Amendment of CLRA suits to later allege damages after thirty days have passed is a widely accepted practice.[1]

While Defendant points to Plaintiff's prayer in her initial Complaint for "An Order requiring WAL-MART to pay all actual and statutory damages permitted under the causes of action alleged herein" (Compl. ¶ 137(E); Def.'s Reply 6:7–8, ECF 37) as commencing an action for damages, Plaintiff also stated she "does not currently seek damages for her claims under the CLRA" (Compl. ¶ 97). It is

[1] Defendant need look no further than *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1177 (S.D. Cal. 2012) for an on-point decision by the Court's esteemed colleague, Judge Thomas J. Whelan.

therefore clear that the CLRA action for injunctive relief only is a cause of action that does not permit the recovery of damages. Accordingly, Defendant's motion to dismiss the CLRA claim is **DENIED**.

**D. Federal Pleading Standards**

Defendant reasserts its arguments that the FAC relies on the U.S. Pharmacopeial Convention's ("USP") standards to assert its implied and express warranty claims, and that the USP's standards do not alone create a warranty, implied or express. Def.'s Mot. to Dismiss 9:11–24.

When a claim is "grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the . . . claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). To satisfy the particularity requirement of Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Plaintiffs must plead enough facts to give defendants notice of the time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading. *See id.* at 1107. Averments of fraud must be pled with sufficient particularity so as to give the defendants notice of the circumstances surrounding an allegedly fraudulent statement. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (superceded by statute on other grounds as stated in *Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001)). The circumstances constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation marks omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

In this case, Plaintiff's purchase and injury-in-fact establish many of the

prerequisites for both standing and Rule 9(b)—the "who, what, when, where, and how" of the misconduct. *Vess*, 317 F.3d at 1106. The FAC gives a reasonably specific recitation of the facts of the purchase and includes facts supporting fraud allegations.

While the Court agrees that Equate is not required to meet or exceed USP standards, the FAC asserts that USP testing provides "objective and scientifically-valid industry standards . . . for comparing two or more products[.]" FAC ¶ 20. Accepting this as true, evidence that Equate is produced in "inconsistent batches" shows that the product compares unfavorably to itself. Based on the allegations in the FAC, in contrast to those in the initial Complaint, USP testing may be relevant for some purposes at trial and may provide evidence supporting the breach of the implied or explicit warranties made by Defendant.

Further, the invited comparison to Qunol—the packaging's exhortation to "Compare to Qunol"—may avail Equate to comparison to the USP monograph because Qunol meets the USP standards. FAC ¶ 44; FAC Ex. 7. Plaintiff has subjected Qunol to the same "objective" testing and found Equate deficient. *See* FAC ¶ 55. Again, all factual allegations in a complaint are accepted as true at this early stage in the litigation, and Plaintiff has alleged sufficient facts to meet the pleading standard under *Iqbal* and *Twombly*. Having met this necessary threshold to state a claim, further challenges to individual allegations are immaterial at this stage.

**E. Magnuson-Moss Warranty Act**

The Magnuson-Moss Warranty Act ("MMWA"), on its plain terms, defines a warranty as "any written affirmation of fact [… that] promises that such material is defect free or will meet a specified level of performance over a specified period of time." 15 U.S.C. 2301(6)(a). Plaintiff claims that "clinical strength," "high absorption," and "3 times better absorption" are specific and verifiably false claims such that they create an express warranty under the MMWA. Plaintiff has asserted

that the "3 times better absorption" claim is designed to link Equate's claim to Qunol's, creating an express warranty (FAC ¶¶ 70–71); that clinical strength is understood by consumers to mean the product has been clinically tested, but that no such testing has occurred (FAC ¶¶ 72–73); and that "high absorption" warrants a non-zero amount of absorption, and "Equate frequently fails to time rupture or rupture at all, offering consumers little or no efficacy" (FAC ¶ 64). These allegations are not mere legal conclusions, they set verifiable and reasonable benchmarks, and as a result Plaintiff successfully states an MMWA claim.[2]

Accordingly, the Court **DENIES IN PART** Defendant's motion to dismiss as it relates to the MMWA claim.

### F. Defendant's Motion to Strike National Class Allegations

In a separately-noticed "Motion to Strike" (ECF 33), Defendant moves to dismiss the causes of action Plaintiff has asserted on behalf of a prospective nationwide class. Defendant asserts the Court should "strike" the causes of action both by restating the previously-asserted grounds for dismissal and contending that the MMWA "cannot support certification of a national class[.]" Mot. to Strike 5:9–10, ECF 33. Insofar as this motion seeks to dismiss the ADTPA claim, it is **TERMINATED** as **MOOT** because that claim has been dismissed, *infra* at 4–5. As to the prospective nationwide class, the Court determines they are not "redundant, immaterial, impertinent, or scandalous" such that they may be stricken under Rule 12(f). Further, at this point a motion opposing class certification is premature. For those reasons, the remainder of the motion to strike is **DENIED**. ECF 33.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** Defendant's motion

[2] Additionally, this Court finds at this time that the MMWA claims are not preempted by the Food, Drug, and Cosmetic Act ("FDCA") because the FDCA is "an instance of implied *non*preemption." *Consumer Justice Ctr. v. Olympian Labs, Inc.*, 99 Cal. App. 4th 1056, 1063, 121 Cal. Rptr. 2d 749 (2002) (emphasis in original). This preemption finding is made without prejudice.

to dismiss. ECF 32. The ADTPA claim is **DISMISSED** without leave to amend. The Court **TERMINATES IN PART** and **DENIES IN PART** Defendant's motion to strike. ECF 33. Defendant is held to answer the FAC within **21 days**.

**IT IS SO ORDERED.**

Dated: January 20, 2015

Hon. Cynthia Bashant
United States District Judge