David C. Allen (SBN 190479)
*david.allen@btlaw.com*
Kevin D. Rising (SBN 211663)
*kevin.rising@btlaw.com*
Sarah E. Johnston (SBN 259504)
*sarah.johnston@btlaw.com*
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California  90067
Telephone:   (310) 284-3880
Facsimile:   (310) 284-3894

Attorneys for Defendants
WAL-MART STORES, INC. and LANG
PHARMA NUTRITION, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAMAR SANTISTEBAN CORTINA, on behalf of herself, all others similarly situated and the general public,<br><br>            Plaintiff,<br><br>      v.<br><br>WAL-MART STORES, INC. and LANG PHARMA NUTRITION, INC.,<br><br>            Defendants. | Case No.  13-cv-2054-BAS (DHB)<br><br>**DEFENDANT LANG PHARMA NUTRITION, INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFF'S ATTORNEYS (28 U.S.C. § 1927)**<br><br>**Date**:        Dec. 14, 2015<br><br>*Hon. Cynthia Bashant*<br><br><u>**Oral Argument Requested**</u><br><br>*[Filed concurrently with Memorandum of Points and Authorities; Declaration of David C. Allen; Declaration of Sarah E. Johnston; and (Proposed) Order]* |

/ / /

/ / /

/ / /

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on December 14, 2015, at a time to be determined by this Court[1], located at 221 West Broadway, San Diego, California 92101, Defendant Lang Pharma Nutrition, Inc. ("Lang") will and hereby does move this Court to sanction Plaintiff's attorneys Jack Fitzgerald; the Law Office of Jack Fitzgerald, PC; Ronald A. Marron; the Law Offices of Ronald A. Marron; and Thomas A. Canova ("Plaintiff's Counsel") in the amount of $575,104.07, or in an amount to be determined at the Court's discretion, representing the attorney's fees and expenses incurred by Lang since the filing of the First Amended Complaint on July 28, 2014.

Lang's Motion is made pursuant to 28 U.S.C. § 1927, on the grounds that Plaintiff's Counsel have individually and collectively engaged in a pattern of reckless behavior to unnecessarily and vexatiously multiply and prolong a claim that, had it been vetted appropriately, never should have been filed. Sanctions under 28 U.S.C. section 1927 are warranted when _any_ of the following occurs: (1) an attorney fails to make a reasonable investigation into his claims; (2) an attorney continues to pursue a claim after knowing it is meritless; (3) an attorney's conduct rises to the level of harassment; and (4) an attorney abandons his claims after extraordinary expense to the defendant. As explained in the accompanying Memorandum of Points and Authorities, Plaintiff's Counsel have committed each of these misdeeds, as follows:

_**First**_, it is clear that Plaintiff's Counsel wholly failed to investigate the basis for the alleged false statements about the absorption of Equate CoQ10, and Counsel have knowingly and recklessly relied on outdated versions of voluntary testing

---

[1] Explained in Lang's Memorandum of Points and Authorities, and pursuant to this Court's Standing Order, Lang intends to file under separate cover an ex parte application to specially set a hearing on this Motion and Plaintiff's Motion to Voluntarily Dismiss. Dkt. 71.

protocols promulgated by the United States Pharmacopeial Convention in support of their claims.

*Second*, Plaintiff's Counsel continued to aggressively litigate their claims, as well as the three other nearly identical class actions related to Lang's CoQ10 product, long after learning that the basis for these claims was meritless.

*Third*, Plaintiff's Counsel's have refused to provide any substantive response to discovery requests precisely aimed at the basis of Plaintiff's criticism of the Equate label, all while aggressively pursuing discovery from Lang, constituting facially reckless conduct.

*Finally*, more than two years after the initiation of this case, on the eve of the close of class certification discovery, and suspiciously just before Plaintiff's deposition and the due date for responses to targeted discovery, Plaintiff's Counsel filed a one-paragraph Motion to Voluntarily Dismiss. Dkt. 71. This alone constitutes unreasonable and vexatious multiplication of proceedings.

Lang's Motion is based on (1) this Notice; (2) the accompanying Memorandum of Points and Authorities; (3) the Declarations of David C. Allen and Sarah E. Johnston and the exhibits attached thereto; (4) all pleadings, papers and records on file herein; and (5) on any oral argument presented at the hearing on this Motion.

Dated:  November 9, 2015                          **BARNES & THORNBURG LLP**


By:*/s/ Sarah E. Johnston*
       Sarah E. Johnston

Attorneys for Defendants
WAL-MART STORES, INC. and
LANG PHARMA NUTRITION, INC.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES