**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THAMAR SANTISTEBAN CORTINA, on behalf of herself, all others similarly situated, and the general public,<br><br>                       Plaintiff,<br><br>   v.<br><br>WAL-MART STORES, INC., and LANG PHARMA NUTRITION, INC.,<br><br>                       Defendants. | Case No. 13-cv-02054-BAS-DHB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO SEAL [ECF No. 95];**<br><br>**(2) GRANTING PARTIES' JOINT MOTION TO CONTINUE PLAINTIFF'S DEADLINE TO SIT FOR DEPOSITION [ECF No. 94];**<br><br>**(3) GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS THE CASE WITHOUT PREJUDICE [ECF No. 71]** |

        On September 1, 2016, the Court granted Plaintiff Thamar Santisteban Cortina's motion to voluntarily dismiss this case without prejudice pursuant to two conditions: (1) that Plaintiff agree to use existing discovery from this case in the anticipated state court action, and (2) that Plaintiff sit for her deposition on or before September 22, 2016. (ECF No. 90.)

The parties now jointly move to continue Cortina's deadline to sit for her deposition. (ECF No. 94.) Plaintiff explains that she is amenable, in principle, to the Court's conditions for non-prejudicial dismissal, but that she is unable to sit for her deposition because of medical reasons. Plaintiff's counsel has filed a declaration explaining Cortina's medical situation, and Defendants have consented to continuing the deadline for Cortina's deposition until she is medically able to sit for it.

**Plaintiff's Motion to Seal**

The Court first addresses Plaintiff's motion to file under seal a declaration by her counsel ("Fitzgerald Declaration," ECF No. 96) explaining details of Plaintiff's medical situation. (ECF No. 95.) In the Ninth Circuit, the legal standard governing public access to motions and documents attached thereto turns on whether the motion at issue is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. Here, the Court finds that the joint motion to continue the deadline for Plaintiff's deposition is not more than tangentially related to the merits, and so the good cause standard applies. Under this standard, a court may grant a motion to seal where the record at issue is one that has been "traditionally kept secret," *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), or contains information that might subject a party to annoyance, embarrassment, or oppression, *see Ctr. for Auto Safety*, 809 F.3d at 1097.

In this case, the Court finds there is good cause to seal the Fitzgerald Declaration. Plaintiff explains that the Declaration contains highly-sensitive personal medical and health information of a type that has been traditionally kept secret. The Court agrees. As Plaintiff explains, laws such as the Health Insurance

Portability and Accountability Act (HIPAA) are aimed at protecting individually identifiable health information similar to that contained in the Declaration. *See* 42 U.S.C. §§ 1320d(6); 1320d-6. Moreover, district courts in the Ninth Circuit have frequently concluded that the need to protect medical privacy satisfies not only the good cause standard, but also the more exacting compelling reasons standard. *See, e.g.*, *Karpenski v. Am. Gen. Life Co., LLC*, No. 2:12–cv–01569RSM, 2013 WL 5588312, at * 2 (W.D. Wash. Oct. 9, 2013) (finding compelling reasons to seal court filings that contained copies of plaintiff's private medical records and deposition testimony making direct reference to information in plaintiff's medical records); *G. v. Hawai'i*, Civ. No. 08–00551 ACK–BMK 2010 WL 2607483, at * 1–2 (D. Haw. June 25, 2010) (finding compelling reasons test satisfied where filings at issue contained information about plaintiffs' medical conditions and treatment and disclosed plaintiffs' identities). Accordingly, the Court GRANTS Plaintiff's motion to file under seal the Fitzgerald Declaration. (ECF No. 95.)

**Joint Motion to Continue Plaintiff's Deposition Deadline**

In light of the seriousness of Plaintiff's medical situation, and considering Defendants' consent to Plaintiff's request, the Court **GRANTS** the joint motion to continue the deadline for Plaintiff to sit for her deposition. (ECF No. 94.) Cortina is hereby **ORDERED** to sit for her deposition when she is medically able to do so.

In light of the foregoing, the Court **GRANTS** Plaintiff's motion to voluntarily dismiss this case without prejudice. (ECF No. 71.) The Court will retain jurisdiction for the purpose of ensuring Plaintiff satisfies the conditions of the dismissal.

**IT IS SO ORDERED.**

**DATED: September 20, 2016**

Hon. Cynthia Bashant
United States District Judge